UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BARBARA L. BROXMEYER,<br><br>        Plaintiff,<br><br>v.<br><br>MOUNTAINVIEW MORTGAGE COMPANY, et al.,<br><br>        Defendants. | 2:10-CV-1997 JCM (RJJ) |

**ORDER**

Presently before the court is defendants American Home Mortgage Servicing, Inc., et. al.'s emergency request for a stay or expedited consideration on shortened time. (Doc. #53). This motion was filed contemporaneously with a motion to reconsider magistrate judge's order. (Doc. #53).

On October 14, 2011, Magistrate Judge Robert J. Johnston held a settlement conference with the parties to this case. (Doc. #50). A settlement was reached with defendant Fidelity National Title Insurance Company. (Doc. #50). However, no settlement was reached with defendant American Home Mortgage Servicing Inc. ("AHMSI"), allegedly because AHMSI failed to send a person with authority to settle the case to the settlement conference. (Doc. #50).

Subsequently, on October 27, 2011, the magistrate judge issued an order to show cause and an order scheduling a second settlement conference. (Doc. #51). This order mandates that a duly authorized representative of AHMSI appear for a settlement conference on November 14, 2011. (Doc. #53).

**James C. Mahan**
**U.S. District Judge**

1  Defendants waited almost two weeks, until November 8, 2011, to file the instant *emergency* motion to stay or expedite consideration and motion to reconsider the magistrate judge's order. (Doc. #53). These motions were filed less than one week prior to the scheduled settlement conference. This unexplained delay effectively prevented the court from hearing the motion on an expedited schedule. If the court were to consider the motion to reconsider at all, it would be required to stay the November 14, settlement conference. At this late stage, the court is not inclined to stay the second scheduled settlement conference.

Further, defendants state that, pursuant to the magistrate judge's order, a representative from AHMSI will have to travel from California to Nevada to attend the settlement conference. (Doc. #55). Accordingly, this motion to stay allegedly qualifies for the emergency relief requested. (Doc. #55). The court again notes that this issue could have been resolved on an expedited basis if defendants had timely filed their motion to reconsider.

Finally, the court does not perceive an *emergency* under these facts. *See* FED. R. CIV. P. 16; *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). If defendants object to the magistrate judge's findings or orders after the second settlement conference, they are free to file a motion to reconsider with this court.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants American Home Mortgage Servicing, Inc., et. al.'s emergency request for a stay or expedited consideration on shortened time and emergency motion to reconsider magistrate judge's order (docs. #53 and #54) be, and the same hereby are, DENIED.

DATED November 9, 2011.

_____
UNITED STATES DISTRICT JUDGE